## CIRCUIT COURT OF KING GEORGE COUNTY

In re Estate of
Elizabeth C. Lewis,
Deceased

July 16, 1999

Case No. 99-37

BY JUDGE JAMES W. HALEY, JR.

In this will contest, the issue for resolution is whether the lawyer-client privilege terminates upon the death of the purported testator where the lawyer-client relationship between the testator and the attorney remained in existence at the time of the death of the testator.

On December 16, 1998, a writing dated October 23, 1998, was admitted to probate in the Circuit Court of King George County as the last will and testament of Elizabeth C. Lewis. As authorized by Code § 64.1-78, interested parties appealed the admission to probate to the Circuit Court. The appellants seek a subpoena *duces tecum* for relevant papers from, and the testimony of, Joseph A. Billingsley, Jr., Esquire, who represented Elizabeth C. Lewis. Mr. Billingsley has prudently resisted the subpoena *duces tecum* and the request for testimony by raising the attorney-client privilege, and, in conjunction with counsel for the appellants, has asked the court to rule upon the matter. Counsel for Mr. Billingsley has stipulated that the attorney-client relationship existed at the time of Ms. Lewis' death.

In *Hugo v. Clark*, 125 Va. 126, 99 S.E. 521 (1919), complainants maintained the existence of a will executed subsequent to that which had been offered for probate. The trial court prohibited counsel from testifying as to the contents of the latter paper upon the invocation of the lawyer-client privilege. In reversing, the court stated:

> After the death of the client, however, it has been held that the privilege may be waived when the character and reputation of the deceased are not involved, by his executor or administrator, or in will

contests by his heirs or legatees. The deceased no longer has any interest in the matter.

*Hugo, supra,* 125 Va. at 129-30, 99 S.E. at 522.

This rule apparently remains the law in Virginia. In *Eason v. Eason,* 203 Va. 246, 254, 123 S.E.2d 361, 365 (1962), the court cited *Hugo* and noted that:

We have previously held that an attorney, who has participated in the preparation and execution of what is alleged to be a last will, may be permitted to testify concerning his transactions with the testator in conjunction therewith.

*Eason, supra,* 203 Va. at 254, 123 S.E.2d at 365.

In *Pace v. Richmond,* 231 Va. 216, 218, 343 S.E.2d 59, 61 (1986), the question involved a claim of undue influence in the execution of a will and the testimony of the attorney who prepared the will was received without objection in the trial court and recited without comment in the Supreme Court opinion.

Finally, a commentator writes: "When the client is deceased, and litigation arises between persons who all claim under the deceased, the attorney may testify as to conversations with the deceased client." Charles E. Friend, *The Law of Evidence in Virginia,* § 7-3, p. 248, n. 14 (3d ed. 1993).

In light of the foregoing, the motion to quash the subpoena *duces tecum* is denied and counsel may inquire of Mr. Billingsley, the client-privilege having ceased with the death of Ms. Lewis.[1]

---

[1] The stipulation that the lawyer-client relationship existed at the time of the death of Ms. Lewis is of importance. In *Eason, supra,* the court stated: "We have not, however, had presented to us the question of whether an attorney, *whose relationship with the testator has terminated,* may testify to the matters sought to be introduced by the contestants. This question apparently remains open in Virginia." [Emphasis supplied.]